## PROSECUTION FOR CONTRIBUTING TO THE DELINQUENCY OF CHILDREN.

Court of Appeals for Hamilton County.

JOHN PETRI v. STATE OF OHIO.

Decided, November 8, 1915.

*Criminal Law—Waiver of Jury—Presumption as to Prisoner Being Given Opportunity to Make Statement When Sentenced—Evidence as to Delinquency of Children.*

1. Waiver of the right to a jury trial does not clearly and affirmatively appear where the record merely states that the "defendant did not demand a trial by jury."
2. A conviction under Section 1651 of causing, encouraging and contributing to the delinquency and neglect of children must be based on evidence of the delinquency of said children.
3. Where the record does not distinctly disclose that the defendant was not asked if he had anything to say why sentence should not be passed, it will be presumed that such a question was asked in compliance with the statute.

*Cowell & Lamping,* for plaintiff in error.
*John W. Weinig,* contra.

JONES (Oliver B.), J.

Plaintiff in error was convicted by the judge of the juvenile court without the intervention of a jury, under Section 1651, General Code, of causing, encouraging and contributing to the delinquency and neglect of two girls aged respectively eight and ten years. He seeks a reversal of the judgment in this court on three grounds: 1. That the court had no authority to try plaintiff in error without a jury. 2. That the finding of the court is not supported by any evidence of the delinquency of the minors. 3. That plaintiff in error was not asked, after being found guilty and before sentence, if he had anything to say why sentence should not be pronounced against him in accordance with the requirements of Section 13694, General Code.

1. The record as presented fails to show distinctly that the defendant below waived his right to a trial by jury but merely that the "defendant did not demand a trial by jury." It is held in the case of *Simmons* v. *State,* 75 Ohio St., 346, that the waiver of a right to a jury trial must clearly and affirmatively appear on the record, and can not be assumed or implied by a reviewing court from his mere failure to demand a jury.

2. The record fails to show proof of the delinquency of the minor children or record their conviction as such delinquents. In the original Section 1651, General Code, in accordance with which the affidavit was drawn, the offense provided contemplated the existence of a delinquency in the child. The section as amended in 103 O. L., 871, provided another offense, to-wit: "acting in a way tending to cause delinquency in a child."

While the record might establish the latter offense, it is not sufficient to establish the offense charged in the affidavit without evidence of the delinquency of the children, and without such proof the charge must fail, no matter how culpable the acts of the defendant may be. *Fisher* v. *State,* 84 Ohio St., 360, 369.

3. The record does not distinctly disclose that defendant was not asked if he had anything to say why sentence should not be passed upon him before the sentence was actually pronounced. It must therefore be presumed that such a question was asked in compliance with Section 13694, General Code; *Bond* v. *State,* 23 Ohio St., 349; *Carper* v. *State,* 27 Ohio St., 572; *Bartlett* v. *State,* 28 Ohio St., 669.

For the reasons stated the judgment must be reversed.

JONES (E. H.), J., and GORMAN, J., concur.